John Macaluso (JM 2058)
Maja Szumarska (MS 0208)
Adam Sgro (AS 4684)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for Plaintiff Chanel, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHANEL, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>KRISTIN RICHARDSON, et al.<br><br>                    Defendants. | CASE NO. 17-cv-4565 (PKC)<br><br><br>**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1** |

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff, Chanel, Inc., by and through its undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to be tried:

**I.   CHANEL'S RIGHTS**

1.     Plaintiff Chanel Inc. ("Chanel") is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019.  *Declaration of Adrienne Hahn ("Hahn Decl."), ¶2.*

2.    Chanel is the owner of all rights in and to the following federally registered trademarks:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| | 1,241,264 | June 7, 1983 | (Int'l Class: 25) suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |
| | 1,271,876 | March 27, 1984 | (Int'l Class: 25) clothing-namely, coats, dresses, blouses, raincoats, suits, skirts, cardigans, sweaters, pants, jackets, blazers, and shoes |
| CHANEL | 1,241,265 | June 7, 1983 | (Int'l Class: 25) suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, coats, raincoats, scarves, shoes and boots |
| | 4,241,822 | November 13, 2012 | (Int'l Class: 25) clothing, namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, beach cover-ups, hats, sun visors, scarves, shawls, ties, gloves, footwear, hosiery and socks |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | (Int'l Class: 18) Women's handbags |
| | 1,314,511 | January 15, 1985 | (Int'l Class: 18) Leather Goods- Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | (Int'l Class: 18) Leather Goods- namely, Handbags |
| CHANEL | 1,733,051 | November 17, 1992 | (Int'l Class: 18) Leather goods; namely, handbags, wallets, travel bags, luggage, business and credit card cases, change purses, tote bags, cosmetic bags sold empty, and garment bags for travel |
| | 1,734,822 | November 24, 1992 | (Int'l Class: 18) Leather goods; namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |

*Hahn Decl., ¶4, and Comp. Ex. 1 – trademark registrations – attached thereto.*

3.      Chanel is the owner of all common law trademark rights associated with the Chanel Marks.  *Hahn Decl., ¶4.*

4.      Chanel uses the Chanel Marks at issue in this matter in connection with the manufacture, distribution and sale of luxury goods, including, but not limited to, handbags, backpacks and tote bags, wallets, shoes, and hats.        *Hahn Decl., ¶5.*

5.      The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned.  *Hahn Decl., ¶7.*

6.      The Chanel Marks are vital to Chanel's business as the marks represent a significant value to Chanel's overall business and associated image.  *Hahn Decl., ¶8.*

7.      The Defendants Kristin Richardson a/k/a Kristin Torres a/k/a Caroline Robison a/k/a Carolina Robinson, an individual, Riscardo Torres a/k/a Ricardo Torres a/k/a Ricky Torres, an individual, individually and jointly, d/b/a chanelgraffitibackpack.com d/b/a buychanelgraffitibackpack.com d/b/a chanelgraffiti.com d/b/a chanelboybags.com d/b/a chanelgraffitibackpack.co.uk d/b/a @ridewryder d/b/a kristin's closet d/b/a chanel's closet d/b/a bella the boss d/b/a @bellascreationsnyc  d/b/a bellascreationsnyc d/b/a #chanelgraffitibackpack d/b/a wspnyc d/b/a wholesale printing NYC (collectively, "Defendants") have never been assigned or licensed any rights to use the Chanel Marks.  *Hahn Decl., ¶9.*

8.      At all times relevant hereto, the Defendants have been on notice of Plaintiff's ownership of the Chanel Marks.  *Hahn Decl., Ex. 1 – trademark registrations.*

9.      Counterfeiting activity poses a serious threat to Chanel's business.  *Hahn Decl., ¶8.*

10.      Chanel's genuine products are marketed, advertised and/or sold in boutiques throughout the United States, in retail stores, and via the internet.  *Hahn Decl., ¶6.*

11.      Chanel has spent tens of millions of dollars in the development, advertising, promotion and distribution of genuine Chanel handbags, backpacks and tote bags, wallets, shoes, and hats under the Chanel Marks at issue in this proceeding.  *Hahn Decl., ¶6.*

4

12.     There are no other companies in the world which use substantially similar marks to the Chanel Marks in connection with the manufacture or import, sale, and/or distribution of handbags, backpacks and tote bags, wallets, shoes, and hats.  *Hahn Decl., ¶7.*

13.     Chanel's genuine handbags, including backpacks and tote bags, wallets, shoes, and hats are among the best-selling handbags, including backpacks and tote bags, wallets, shoes, and hats in the world.  *Hahn Decl., ¶7.*

14.     The Chanel Marks have been registered on the principal register of the United States Patent and Trademark Office for numerous years and are incontestable pursuant to 15 U.S.C. §1065.  *Hahn Decl., Ex 1 – trademark registrations.*

15.     At all times relevant hereto, the Defendants did not have the right or authority to use the Chanel Marks for any purpose.  *Hahn Decl., ¶¶9, 11, 12.*

16.     The Defendants' copying of Chanel's trademark, label, size, color scheme, printing, and design, the Chanel Marks and the Defendant's marks and goods sold thereunder are virtually indistinguishable at the point of sale and post-sale. *Hahn Decl., Ex 1 – trademark registrations; Declaration of Eric Rosaler ("Rosaler Decl."), Exs. 1 - 5 – Photographs of counterfeit Chanel branded products purchased from Defendants; Declaration of Marianne Webster ("Webster Decl."), Ex. 1 – photographs of counterfeit Chanel branded product purchased from Defendants.*

## II. DEFENDANTS' INFRINGING AND CYBERSQUATTING ACTS

17.     Despite a known lack of authority to do so, the Defendants imported, advertised, offered for sale, and sold counterfeit goods, namely, handbags, including backpacks and tote bags, wallets, shoes, and hats bearing the Chanel Marks within this district and throughout the United States via the websites operating under the domain names - chanelgraffitibackpack.com,

buychanelgraffitibackpack.com, chanelgraffiti.com, chanelboybags.com, and chanelgraffitibackpack.co.uk (collectively, the "Subject Domain Names"). *Rosaler Decl., ¶¶3-8 and Exs. 1-5 – captures detailing purchases from Defendants; Webster Decl., ¶4 and Ex. 1 – captures detailing purchase from Defendants; Declaration of Stephen M. Gaffigan ("Gaffigan Decl."), ¶6.*

18.     Despite a known lack of authority to use the Chanel Marks, the Defendants registered the Subject Domain Names - chanelgraffitibackpack.com, buychanelgraffitibackpack.com, chanelgraffiti.com, chanelboybags.com, and chanelgraffitibackpack.co.uk. *Gaffigan Decl., ¶2, and Ex. 1 – Whois reports*.

19.     On March 9, 2015, Investigator Eric Rosaler ("Rosaler) accessed the Defendants' website operating under the Subject Domain Name – chanelgraffiti.com and purchased a wallet bearing at least one of the Chanel Marks at issue for a total purchase price of $90.00.  *Rosaler Decl., ¶4, and Ex. 1 – webpage captures detailing the purchase from Defendants' via their website operating under the Subject Domain Name – chanelgraffiti.com.*

20.     The payment was processed via PayPal, Inc. and the merchant was identified as "Full Service Ink, LLC" under the PayPal email address "thestr8life@aol.com." *Rosaler Decl. ¶4, and Ex. 1 – webpage captures identifying the PayPal merchant*.

21.     The package containing the wallet purchased from the Defendants' website operating under the Subject Domain Name – chanelgraffiti.com - identified the shipper as "Kristin Richardson, 6024 Flushing Avenue, Maspeth, New York."   *Rosaler Decl., ¶4, and Ex. 1 - the outer packaging identifying the shipper, and photographs of the wallet received from the Defendants*.

22.     On April 6, 2015, Chanel issued a cease and desist letter to the Defendants requesting, among other things that they immediately cease all use of the Chanel Marks, including, but not limited to, via their website operating under their Subject Domain Name – chanelgraffiti.com and the social media accounts identified in the letter which was delivered electronically to the Defendants' email addresses – sales@chanelgraffiti.com and fullserviceink@yahoo.com. *Gaffigan Decl., ¶4, and Ex. 3 - cease and desist letter and read notifications received*.

23.     The Defendants did not respond to Chanel's cease and desist letter. *Gaffigan Decl., ¶4*.

24.     On April 15, 2015, Chanel conducted a compliance check regarding the Defendants' actions which check confirmed the Defendants were still offering for sale counterfeit products bearing the Chanel Marks via their website operating under the Subject Domain Name – chanelgraffiti.com as well as displaying those goods via their social media pages. *Gaffigan Decl., ¶4, and Ex. 2 – web page captures (Bates stamp nos. 18 -25)*.

25.     On April 15, 2015, Chanel issued a follow-up letter to the Defendants in connection with their refusal to cease using the Chanel Marks which letter was delivered electronically to the Defendants' email addresses – sales@chanelgraffiti.com and wholesaleprintingnyc@gmail.com. *Gaffigan Decl., ¶4, and Ex 3 - follow-up letter and read notifications*.

26.     The Defendants did not respond to Chanel's follow up letter, however, a June 1, 2015 compliance check revealed the Defendants' website operating under the Subject Domain Name – chanelgraffiti.com – was offline, but the Defendants' social media pages remained active. *Gaffigan Decl., ¶4, and Ex. 2 – web page captures (Bates stamp nos. 30 - 35)*.

27.     Chanel subsequently discovered Defendants opened two new websites operating under the Subject Domain Names – chanelgraffitiback.com and buychanelgraffitibackpack.com. *Gaffigan Decl., Ex. 1- WHOIS reports for chanelgraffitibackpack.com and buychanelgraffitibackpack.com; and Ex. 2 – webpage captures (Bates stamp nos. 37 – 80).*

28.     On March 17, 2016, Investigator Marianne Webster ("Webster") accessed the Defendants' website operating under the Subject Domain Name – chanelgraffitibackpack.com and purchased a backpack bearing at least one of the Chanel Marks at issue for a total purchase price of $140.00.   *Webster Decl., ¶4, and Ex. 1 – webpage captures detailing the purchase from Defendants' via their website operating under the Subject Domain Name – chanelgraffitibackpack.com.*

29.     The payment was processed via PayPal, Inc. and the merchant was identified as "Kristin Richardson" under the PayPal email address "thestr8life@aol.com."  *Webster Decl., ¶4, and Ex. 1 – webpage captures identifying the PayPal merchant.*

30.     The package containing the backpack purchased from the Defendants' website operating under the Subject Domain Name – chanelgraffitibackpack.com – originated from Ningbo, China.  *Webster Decl., ¶4, and Ex. 1 - the outer packaging identifying the shipper, and photographs of the backpack received from the Defendants.*

31.     On May 19, 2016, Investigator Eric Rosaler ("Rosaler) accessed the Defendants' website operating under the Subject Domain Name – chanelgraffitibackpack.com and purchased a backpack bearing at least one of the Chanel Marks at issue for a total purchase price of $140.00.  *Rosaler Decl., ¶5, Ex. 2 – webpage captures detailing the purchase from Defendants' via their website operating under the Subject Domain Name – chanelgraffitibackpack.com.*

32.     The payment was processed via PayPal, Inc. and the merchant was identified as "buychanelgraffitibackpack.com" under the PayPal email address "thestr8life@aol.com." *Rosaler Decl., ¶5, and Ex. 2 – webpage captures identifying the PayPal merchant*.

33.     The package containing the backpack purchased from the Defendants' website operating under the Subject Domain Name – chanelgraffitibackpack.com – originated from Ningbo, China.  *Rosaler Decl., ¶5, and Ex. 2 - the outer packaging identifying the shipper, and photographs of the backpack received from the Defendants*.

34.     On June 8, 2016, Chanel issued second cease and desist letter to the Defendants in connection with their continued use of the Chanel Marks, and requesting, among other things that they immediately cease all use of the Chanel Marks, including, but not limited to, via their websites operating under their Subject Domain Name – chanelgraffitibackpack.com and buychanelgraffitibackpack.com - and the social media accounts identified in the letter which was delivered electronically to the Defendants' email addresses  –thestr8life@aol.com and graffitibackpack@gmail.com.  *Gaffigan Decl., ¶5, and Ex. 4 - the second cease and desist letter and read notifications*.

35.     The Defendants did not respond to the June 8, 2016 cease and desist letter. *Gaffigan Decl., ¶5*.

36.     Subsequent to Defendants' receipt of the June 8, 2016 letter, the Defendants' websites operating under the Subject Domain Names – chanelgraffitibackpack.com and buychanelgraffitibackpack.com – remained active and the Defendants had also opened two new websites – chanelboybags.com and chanelgraffitibackpack.co.uk.  *Gaffigan Decl. ¶¶2, 3, Ex. 1 - WHOIS reports and Ex. 2  - webpage captures (Bates stamp nos. 104 – 111 and 123 – 137; Rosaler Decl., Ex 3 – webpage captures from chanelboybags.com*.

37.     On August 3, 2016, Investigator Rosaler accessed the Defendants' website operating under the Subject Domain Name – chanelboybags.com – and finalized the purchase of a handbag for the total purchase price of $180.00, and in connection with the purchase received an invoice from the Defendants identifying the issuer as "Wholesale Printing NYC" using the Defendants Beach Street Address and the email address as "wholesaleprintingnyc.com." *Rosaler Decl., ¶6, and Ex. 3 – web page captures detailing the purchase from the Defendants.*

38.     The payment was processed via PayPal, Inc. and the merchant was identified as "Wholesale Printing NYC" under the PayPal email address "thestr8life@aol.com."  *Rosaler Decl., ¶6, and Ex. 3 – webpage captures identifying the PayPal merchant.*

39.     The package containing the handbag purchased from the Defendants' website operating under the Subject Domain Name – chanelboybags.com – originated from Guangdong, China.  *Rosaler Decl., ¶6, and Ex. 3 - the outer packaging identifying the shipper, and photographs of the backpack received from the Defendants.*

40.     On January 13, 2017, Investigator Rosaler accessed the Defendants' website operating under the domain name - chanelgraffitibackpack.com, and purchased a hat bearing at least one of the Chanel Marks at issue for a total purchase price of $90.00 paid for with a credit card. In connection with the purchase, Investigator Rosaler received an email from the Defendants using the email address – graffitibackpack@gmail.com.  *Rosaler Decl., ¶7, and Ex. 4 – webpage captures detailing purchase from the Defendants.*

41.     The package containing the hat purchased from the Defendants' website operating under the Subject Domain Name – chanelgraffitibackpack.com – originated from Shanghai, China.  *Rosaler Decl., ¶7, and Ex. 4 – photograph of hat purchased from Defendants and outer packaging.*

42.     On January 16, 2017, Investigator Rosaler accessed the Defendants' website operating under the domain name - buychanelgraffitibackpack.com, and purchased a handbag bearing at least one of the Chanel Marks at issue for a total purchase price of $180.00 paid for with a credit card. In connection with the purchase, Investigator Rosaler received an email from the Defendants using the email address – graffitibackpack@gmail.com.   *Rosaler Decl., ¶8, and Ex. 5 – webpage captures detailing purchase from Defendants.*

43.     The package containing the handbag purchased from the Defendants' website operating under the Subject Domain Name – buychanelgraffitibackpack.com – originated from Henan, China.   *Rosaler Decl., ¶8, and Ex. 5 – photograph of handbag purchased from Defendants and outer packaging.*

44.     Defendants' Subject Domain Names incorporate Chanel's trademark – CHANEL – as part of each Subject Domain Name they have registered.   *Gaffigan Decl., Ex 1 – WHOIS reports; and Ex. 2 – webpage captures (Bates stamp nos. 2-7, 18-22, 37-47, 104-107, 108 –111, 124–137).*

45.     The Defendants registered their Subject Domain Names at minimum 63 years after Chanel first began using its CHANEL trademark.   *Hahn Decl., Ex. 1 – CHANEL, Registration No. 0,626,035 identifying 1954 as year of first use; Gaffigan Decl., Ex 2 – WHOIS report for chanelgraffitibackpack.co.uk registered April, 2017.*

46.     Every product Defendants offered for sale and sold via their websites operating under each of the Subject Domain Names bore at least one of the Chanel Marks. *Rosaler Decl., Exs. 1-5 – webpage captures; Webster Decl., Ex 1 – webpage captures; Gaffigan Decl., Ex 2 – webpage captures (Bates stamp nos. 2-7, 18-22, 37-47, 104-107, 108-111, 124-137).*

47.    In or about January, 2017, flyers advertising one of the Defendants' websites operating under a Subject Domain Name, and promoting Defendants' counterfeit Chanel branded products to consumers were brought into the Chanel boutique in New York, New York by a customer who found them laying in the street outside the boutique.  *Gaffigan Decl., ¶6.*

### III. DEFENDANTS ARE THE MOVING AND CONCIOUS FORCES BEHIND THE SUBJECT DOMAIN NAMES AND DEFENDANT FULL SERVICE INK, LLC

48.    The addresses 156 Beach 60th Street, Arverne, NY (the "Beach Street Address") and 6024 Flushing Avenue, Apt. B1, Maspeth, NY (the "6024 Flushing Address") are identified as addresses used by both Defendant Torres and Defendant Richardson.  *Rosaler Decl., ¶10 and Ex. 6 - excerpt of address reports obtained from LexisNexis Accurint on both Defendants.*

49.    The Beach Street Address bears signage advertising Full Service Ink and displaying Defendant Torres' telephone number 646-727-7873.  *Gaffigan Decl., Ex. 2 - photo of 156 Beach 60th Street, Arverne, NY.*

50.    Defendant Torres is identified as the Registrant of wholesaleprintingnyc.com using the Defendants' Beach Street Address with the telephone number 646-727-7873, email address fullserviceink@yahoo.com and identifying with his company – Defendant Full Service Ink, LLC, identified as the Registrant Organization.  *Gaffigan Decl., Ex. 2 – WHOIS report for wholesaleprintingnyc.com.*

51.    Defendants are the moving and conscious forces behind the Subject Domain Name – chanelgraffiti.com – and the associated website. Specifically:

a.    Defendant Richardson is identified as the shipper, using the Defendants' 6024 Flushing Address as the return address in connection with Investigator Rosaler's 3/9/15 buy from the website operating under the Subject Domain

Name – chanelgraffiti.com. *Rosaler Decl., ¶4 and Ex. 1 - photograph of outer package identifying Defendant Richardson as the shipper.*

    b.   Defendant Torres is identified as the Registrant for the Subject Domain Name – chanelgraffiti.com – using the Defendants' Beach Street Address, and the email address – fullserviceink@yahoo.com. *Gaffigan Decl. ¶2 and Ex. 2 - WHOIS record for chanelgraffiti.com.*

    c.   Defendant Torres' company – Defendant Full Service Ink, LLC – using the email address – thestr8life@aol.com - is identified as the merchant in connection with the PayPal payment Investigator Rosaler transmitted to the Defendants in connection with his 3/9/15 purchase from the Defendants via their website operating under the Subject Domain Name – chanelgraffiti.com. *Rosaler Decl., ¶4 and Ex. 1 - webpage captures detailing purchase from chanelgraffiti.com.*

52.    Defendants are the moving and conscious forces behind the Subject Domain Name – chanelgraffitibackpack.com – and the associated website.  Specifically:

    a.   Defendant Richardson is identified as the Registrant for the Subject Domain Name – chanelgraffitibackpack.com – using the Defendants' Beach Street Address and their joint email address - thestr8life@aol.com. *Gaffigan Decl. ¶2 and Ex. 1 - WHOIS report – attached thereto.*

    b.   Defendant Richardson – using the Defendants' joint email address – thestr8life@aol.com – is identified as the merchant in connection with the PayPal payment Investigator Webster transmitted to the Defendants in connection with her 3/17/16 purchase from the Defendants via their website

operating under the Subject Domain Name – chanelgraffitibackpack.com. *Webster Decl. ¶4 and Ex. 1 - webpage captures detailing purchase from chanelgraffitibackpack.com.*

53.     Defendants are the moving and conscious forces behind the Subject Domain Name – chanelboybags.com.  Specifically:

    a.  The WHOIS report identifies the Registrant's email address as – graffitibackpack@gmail.com which is the same email address used by the Defendants to communicate with their customers via email and/or identified as part of the WHOIS reports for the Subject Domain Names – chanelgraffitibackpack.com and buychanelgraffitibackpack.com.  *Rosaler Decl. ¶¶7 – 8, and Exs. 4 – 5 – emails issued by Defendants in connection with purchases from chanelgraffitibackpack.com and buychanelgraffitibackpack.com; Gaffigan Decl., Ex. 1 – WHOIS report for chanelboybags.com and buychanelgraffitibackpack.com; and Ex. 2 – webpage captures from Defendants' Social Media (Bates stamp nos. 34, 86).*

    b.  The invoice issued to Investigator Rosaler in connection with his 8/3/16 purchase from the website operating under the Subject Domain Name – chanelboybags.com   –   identifies  Defendants'  website  - whoesaleprintingnyc.com - as well as the Defendants' Beach Street Address and their joint email address - thestr8life@aol.com.  *Rosaler Decl. ¶6 and Ex. 3 - webpage captures detailing the 8/3/16 buy from the Defendants.*

54.     Defendants are the moving and conscious forces behind the Subject Domain Name – buychanelgraffitibackpack.com.  Specifically:

a. The WHOIS report identifies the Registrant's email address as – graffitibackpack@gmail.com which is the same email address used by the Defendants to communicate with their customers via email and/or identified as part of the WHOIS reports for the Subject Domain Names – chanelgraffitibackpack.com, and chanelboybags.com.   *Rosaler Decl. ¶8 and Ex. 5 – email from Defendants using graffitibackpack@gmail.com in connection with 1/16/17 purchase from buychanelgraffitibackpack.com.; Gaffigan Decl., Ex. 2 – webpage captures from Defendants' Social Media (Bates stamp nos. 34, 86).*

b. Defendant Richardson is identified as the Registrant for the Subject Domain Name – buychanelgraffitibackpack.com – using the Defendants' Beach Street Address and their joint email address – graffitibackpack@gmail.com. *Gaffigan Decl.¶2 and Ex. 1 - WHOIS report for buychanelgraffitibackpack.com.*

55. Defendants are the moving and conscious forces behind the Subject Domain Name – chanelgraffitibackpack.co.uk.  Specifically:

a. The Registry identified the Registrant address for the Subject Domain Name – chanelgraffitibackpack.co.uk as 6026 Flushing Avenue, Maspeth, NY which address is located next door to the Defendants 6024 Flushing Address. *Gaffigan Decl. ¶2 and Ex. 1 - photograph of Defendants' 6024 Flushing Avenue Address and 6026 Flushing Avenue, Maspeth, NY.*

b. Defendants' websites operating under the Subject Domain Names – buychanelgraffitibackpack.com and chanelgraffitibackpack.co.uk – bear the

identical copyright notice "© Chanel Graffiti Backpack." *Gaffigan Decl., Ex. 2 – webpage capture (Bates stamp nos. 137); and Webster Decl., Ex. 1 - webpage captures.*

## IV. DEFENDANTS' PRODUCTS ARE NON-GENUINE

56.     The wallet, backpacks, handbags, and hat purchased from the Defendants were inspected by a representative of Chanel, Adrienne Hahn, who is familiar with Chanel's genuine goods and trained to detect counterfeits. *Hahn Decl., ¶11.*

57.     The web page captures depicting the Chanel branded handbags, backpacks, tote bags, wallets, shoes and hats displayed and offered for sale by Defendants via their websites operating under the Subject Domain Names and Social Media were analyzed by Ms. Hahn of Chanel. *Hahn Decl., ¶12.*

58.     Upon completion of her analysis of the wallet, backpacks, handbags and hat purchased from the Defendants, Ms. Hahn determined those goods bearing the Chanel Marks to be counterfeit. *Hahn Decl., ¶¶11, 13.*

59.     Upon completion of her analysis of the images of the handbags, backpacks, tote bags, wallets, shoes and hats bearing the Chanel Marks displayed and offered for sale by the Defendants via their websites operating under the Subject Domain Names and Social Media, Ms. Hahn determined those goods bearing the Chanel Marks to be counterfeit and/or infringing products. *Hahn Decl., ¶¶12, 13.*

60.     The Defendants themselves admit their products bearing the Chanel Marks are non-genuine products not authorized by Chanel.  Specifically, the Defendants identify their products as "replica," "not authentic," and advise their customers they are not "affiliated" with

Chanel. *Webster Decl., Ex 1 – webpage captures; Gaffigan Decl., Ex 2 - web page captures* *(Bates stamp nos. 6, 41, 42, 44, 50, 52, 125, and 137).*

61.     Chanel will experience irreparable damage to its reputation if the Defendants are allowed to continue their illegal activities. *Hahn Decl., ¶14.*

### V.  PLAINTIFF'S AND DEFENDANTS' DISCOVERY

62.     Defendants issued no discovery to Chanel nor conducted any third party discovery in connection with Chanel's allegations. *Declaration of John Macaluso ("Macaluso Decl."), ¶¶4,5.*

63.     Defendants never formally responded to Chanel's interrogatories or request for production of documents issued to them by Chanel. *Macaluso Decl., ¶3.*

64.     Defendants produced only a small number of documents in response to Chanel's request for production which they claim are the only documents available. *Macaluso Decl., ¶3.*

### VI. REQUEST FOR COSTS

65.     Chanel incurred $921.50 ($400.00 filing fee and $521.50 process server fees) for costs in connection with this matter. *Macaluso Decl., ¶7.*

DATED:       August 23, 2018
              New York, New York


                              GIBNEY, ANTHONY & FLAHERTY, LLP

                              By: /s/ John Macaluso
                                  John Macaluso
                                  665 Fifth Avenue
                                  New York, New York 10022
                                  Telephone (212) 688-5151
                                  Facsimile (212) 688-8315
                                  E-mail: jmacaluso@gibney.com

                                  Counsel for Plaintiff, Chanel, Inc.