UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

CHANEL, INC.,

          Plaintiff,

v.

KRISTIN RICHARDSON, et al.

          Defendants.

-----------------------------------------------------------------x

1:17-cv-04565-PKC

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1 IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

DEFENDANT RISCARDO TORRES ("Mr. Torres") hereby responds to Plaintiff's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 (the "56.1 Statement") as follows:[1]

1. Not disputed.

2. Not disputed.

3. Not disputed.

4. Not disputed.

5. Not disputed.

6. Not disputed.

7. Partially disputed. Mr. Torres does not have the information necessary to determine whether any defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres has never been assigned or licensed any rights to use the Chanel Marks. *Declaration of Riscardo Torres ("Torres Decl.")* ¶ 4.

---

[1] This document was prepared with the assistance of the New York Legal Assistance Group Legal Clinic for Pro Se Litigants in the SDNY.

8. Partially disputed. Mr. Torres does not have the information necessary to determine whether any defendants, other than himself, were on notice of Plaintiff's ownership of the Chanel Marks. *Torres Decl. ¶ 4.*

9. Not disputed.

10. Not disputed.

11. Not disputed.

12. Not disputed.

13. Not disputed.

14. Partially disputed. Mr. Torres does not dispute that the Chanel Marks are registered on the principal register of the United States Patent and Trademark Office. The statement that the Chanel Marks are "incontestable pursuant to 15 U.S.C. § 1065" is a legal conclusion to which no response is required.

15. Partially disputed. Mr. Torres does not have the information necessary to determine whether any defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not have the right or authority to use the Chanel Marks for any purpose. *Torres Decl. ¶ 4.*

16. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres was not involved in importing, advertising, offering for sale, or selling counterfeit goods bearing the Chanel Marks. Mr. Torres did not copy Chanel's trademark, label, size, color scheme, printing or design. *Torres Decl. ¶¶ 3, 4.*

17. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr.

Torres was not involved in importing, advertising, offering for sale, or selling counterfeit goods bearing the Chanel Marks in person or through any website(s). Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

18. Partially disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres registered the domain name "chanelgraffiti.com", but did not register any of the other Subject Domain Names. The domain name "chanelgraffiti.com" was not operated by Mr. Torres. *Torres Decl. ¶¶ 3-5; Declaration of Stephen M. Gaffigan, Ex. 1 – Whois reports.*

19. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

20. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. Any individual with a PayPal account can list whatever merchant they choose to when completing a transaction. Full Service Ink, LLC was not involved in the alleged sale of the wallet. On the PayPal receipt, after the listed "Business Name," it states that "[t]he recipient of this payment is **Unverified**." Mr. Torres does not have any connection or access to the email address "thestr8life@aol.com." *Torres Decl. ¶¶ 3-7; Declaration of Eric Rosaler, Ex. 1.*

21. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-7.*

22. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres does not have any connection or access to the mail address "sales@chanelgraffiti.com." The email address "fullserviceink@yahoo.com" is connected to Full Service Ink, LLC, but is not accessible as the password was lost prior to April 6, 2015, and Yahoo locked the account. *Torres Decl. ¶¶ 4, 8-10.*

23. Partially disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not respond to the cease and desist letter, as he never received it. *Torres Decl. ¶ 4, 10.*

24. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. Torres Decl. ¶¶ 3-5.*

25. Partially disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres does not dispute that the letter sent electronically to "wholesaleprintingnyc@gmail.com" was received and opened, but he did not personally receive or see the letter at this time. The email address

"wholesaleprintingnyc@gmail.com was accessible to other employees at Full Service Ink, LLC. Mr. Torres personally became aware of the letter on April 19, 2015. At this time, he immediately cancelled the domain "ChanelGraffiti.com." *Torres Decl. ¶¶ 4, 11 & Exhibit 1.*

26. Partially disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres cancelled the domain "ChanelGraffiti.com" on April 19, 2015. *Torres Decl. ¶¶ 4, 11 & Exhibit 1.*

27. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

28. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

29. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

30. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr.

Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

31. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

32. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

33. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

34. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres does not have any connection or access to the mail addresses "graffitibackpack@gmail.com" or thestr8life@aol.com. Mr. Torres never received the cease and desist letter referred to in this paragraph. *Torres Decl. ¶¶ 3-5, 7, 12, 13.*

35. Partially disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not respond to the cease and desist letter, as he never received it. *Torres Decl. ¶ 3-5, 13.*

36. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 4-5; Gaffigan Decl. Ex. 1 – WHOIS reports.*

37. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. Any individual with a PayPal account can list whatever merchant or issuer they choose to when completing a transaction. Wholesale Printing NYC was not involved in any alleged sales of counterfeit Chanel products, and has not received any payment in relation to any of these alleged transactions. It is incorrect that the email address is listed as "wholesaleprintingnyc.com." The email address listed on the invoice is "thestr8life@aol.com," and Mr. Torres has no connection or access to this email address. *Torres Decl. ¶¶ 3-6; Rosaler Decl. Ex. 3 at Bates 21.*

38. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. Any individual with a PayPal account can list whatever merchant or issuer they choose to when completing a transaction. Wholesale Printing NYC was not involved in any alleged sales of counterfeit Chanel products, and has not received any payment in relation to any of these alleged transactions. The email

address listed on the invoice is "thestr8life@aol.com," and Mr. Torres has no connection or access to this email address. *Torres Decl. ¶¶ 3-7; Rosaler Decl. Ex. 3 at Bates 21.*

39. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

40. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. Mr. Torres has no connection or access to the email address "graffitibackpack@gmail.com." *Torres Decl. ¶¶ 3-5, 12.*

41. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

42. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. Mr. Torres has no connection or access to the email address "graffitibackpack@gmail.com." *Torres Decl. ¶¶ 3-5, 12.*

43. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr.

Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

44. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

45. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

46. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

47. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. *Torres Decl. ¶¶ 3-5.*

48. Not disputed.

49. Partially disputed. The telephone number 646-727-7873 was a business line for Full Service Ink, LLC. *Torres Decl. ¶ 3-14.*

50. Not disputed.

51. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph, with the exception of the registration of the "chanelgraffiti.com" domain name. Mr. Torres registered the domain name "chanelgraffiti.com", but he was not involved in its operation. Mr. Torres and Full Service Ink, LLC do not have any connection or access to the email address "thestr8life@aol.com." Any individual with a PayPal account can list whatever merchant or issuer they choose to when completing a transaction. Mr. Torres, Full Service Ink, LLC and Wholesale Printing NYC were not involved in any alleged sales of counterfeit Chanel products, and have never received any payment in connection to any of these alleged transactions. *Torres Decl.* ¶¶ *3-7.*

52. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. Mr. Torres and Full Service Ink, LLC had no involvement with the Domain Name "chanelgraffitibackpack.com." Mr. Torres and Full Service Ink, LLC do not have any connection or access to the email address "thestr8life@aol.com." This is not, and never was, a joint email address between defendants. Mr. Torres, Full Service Ink, LLC and Wholesale Printing NYC were not involved in any alleged sales of counterfeit Chanel products, and have never received any payment in connection to any of these alleged transactions. *Torres Decl.* ¶¶ *3-7.*

53. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. Mr. Torres and Full Service Ink, LLC had no involvement with the Domain Name "chanelboybags.com." Mr. Torres and Full Service Ink, LLC do not have any connection or access to the email addresses "graffitibackpack@gmail.com." or "thestr8life@aol.com." These are not, and never have been, joint email addresses between defendants. Any individual with a PayPal account can list whatever merchant or issuer they choose to when completing a transaction. Mr. Torres, Full Service Ink, LLC and Wholesale Printing NYC were not involved in any alleged sales of counterfeit Chanel products, and have never received any payment in connection to any of these alleged transactions. *Torres Decl.* ¶¶ *3-7, 12.*

54. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. Mr. Torres and Full Service Ink, LLC had no involvement with the Domain Name "buychanelgraffitibackpack.com." Mr. Torres and Full Service Ink, LLC do not have any connection or access to the email address "graffitibackpack@gmail.com." This is not, and never was, a joint email address between defendants. Mr. Torres, Full Service Ink, LLC and Wholesale Printing NYC were not involved in any alleged sales of counterfeit Chanel products, and have never received any payment in connection to any of these alleged transactions. *Torres Decl.* ¶¶ *3-7, 12.*

55. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres did not operate any of the Subject Domain Names, and was not involved in any of the activities alleged in this paragraph. Mr. Torres and Full Service Ink, LLC had no involvement with the Domain Names "chanelgraffitibackpack.co.uk." or "buychanelgraffitibackpack.com." Mr. Torres, Full Service Ink, LLC and Wholesale Printing NYC were not involved in any alleged sales of counterfeit Chanel products, and have never received any payment in connection to any of these alleged transactions. *Torres Decl.* ¶¶ *3-7.*

56. Partially disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres was not involved in importing, advertising, offering for sale, or selling counterfeit goods bearing the Chanel Marks. Mr. Torres did not copy Chanel's trademark, label, size, color scheme, printing or design. *Torres Decl.* ¶¶ *3-5.*

57. Partially disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres was not involved in importing, advertising, offering for sale, or selling counterfeit goods bearing the Chanel Marks. Mr. Torres did not copy Chanel's trademark, label, size, color scheme, printing or design. *Torres Decl.* ¶¶ *3-5.*

58. Partially disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres was not involved in importing, advertising, offering for sale, or selling

counterfeit goods bearing the Chanel Marks. Mr. Torres did not copy Chanel's trademark, label, size, color scheme, printing or design. *Torres Decl.* ¶¶ *3-5.*

59. Partially disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres was not involved in importing, advertising, offering for sale, or selling counterfeit goods bearing the Chanel Marks. Mr. Torres did not copy Chanel's trademark, label, size, color scheme, printing or design. *Torres Decl.* ¶¶ *3-5.*

60. Disputed. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres was not involved in importing, advertising, offering for sale, or selling counterfeit goods bearing the Chanel Marks. Mr. Torres did not copy Chanel's trademark, label, size, color scheme, printing or design. *Torres Decl.* ¶¶ *3-5.*

61. Disputed. This is a legal conclusion to which no response is required. Mr. Torres does not have the information necessary to determine whether defendants, other than himself, performed the actions alleged in this paragraph. Mr. Torres was not involved in importing, advertising, offering for sale, or selling counterfeit goods bearing the Chanel Marks. Mr. Torres did not copy Chanel's trademark, label, size, color scheme, printing or design. *Torres Decl.* ¶¶ *3-5.*

62. Not disputed.

63. Not disputed.

64. Disputed. Mr. Torres did not produce any documents. *Torres Decl.* ¶ *15.*

65. Not disputed.

Dated: September 24, 2018                    Respectfully submitted,

                                             _____
                                             RISCARDO TORRES